UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC, f/k/a CHRYSLER GROUP LLC,<br><br>    Defendant. | Case No. 13-11380<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR CO.,<br><br>    Defendant. | Case No. 13-11382<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>BAYERISCHE MOTOREN WERKE AG, et al.,<br><br>    Defendants. | Case No. 13-11410<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>HONDA MOTOR CO. LTD., et al.,<br><br>    Defendants. | Case No. 13-11413<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>HYUNDAI MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 13-11416<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 13-11424<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>KIA MOTORS CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-11441<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>MAZDA MOTOR CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-11448<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>DAIMLER AG, et al.,<br><br>    Defendants. | Case No. 13-11455<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-11510<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLKSWAGEN AG, et al.,<br><br>    Defendants. | Case No. 13-11512<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLVO CAR CORPORATIO, et al.,<br><br>    Defendants. | Case No. 13-11514<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY IN EACH OF THE ABOVE-CAPTIONED CASES

### I. INTRODUCTION AND BACKGROUND

Plaintiff filed 36 cases, against 18 groups of defendants, alleging infringement of several patents related to navigation systems.

In December 2015, the Court entered an order extending a preexisting stay until patent reexamination proceedings were complete. The Court noted that "Defendants must initiate any USPTO reexamination or challenge processes within 120 days" and that "[f]ailure to seek USPTO review within that time will result in the Court reevaluating its position on stay."

Defendants proceeded with those initial reexamination proceedings until the last one ended in June 2018. As a result of those proceedings, Plaintiff's claims narrowed from between 11 and 22 claims (depending on the defendant) across five patents to three claims across two patents: claims 1 and 3 of the '511 patent and claim 25 of the '380 patent. In addition, Plaintiff dismissed a handful of defendants, such that only 12 groups of defendants – i.e., those named in the above-captioned cases – remain ("Defendants").

Although the last initial reexamination proceeding ended in June 2018, Plaintiff waited to file the underlying Motion to Lift Stay until October 24, 2018. Plaintiff filed the identical motion in each of the above cases.

By then, certain Defendants filed new reexamination proceedings on the three remaining claims; specifically, there are two reexaminations pending for claims 1 and 3 of the '511 patent and one reexamination pending for claim 25 of the '380 patent.

In the reexamination of claim 25 of the '380 patent, the USPTO issued a final

Office Action rejecting the claim over several prior art combinations on November 2, 2018. Plaintiff has until January 2, 2019 to respond to the rejection. If the rejection stands, Plaintiff's claims based on the '380 patent will be dismissed – along with three Defendants – leaving only the two claims of the '511 patent against nine Defendants.

The two reexaminations for the '511 patent are still under consideration.

## II. ANALYSIS

As both parties acknowledge, "courts have broad discretion to determine whether a stay is appropriate" pending reexamination proceedings. *Regents of Univ. of Michigan v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013). Similarly, the Court that imposes a stay has the same "inherent power and discretion to lift the stay." *See Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

After reviewing the briefs and "reevaluating its position on stay," the Court finds that continuing the stay until the three pending reexamination proceedings are complete promotes judicial economy and does not impose any particularized, non-skeptical disadvantage to Plaintiff that is unduly prejudicial.

In light of the limited nature of the three remaining reexamination proceedings, a continued stay pending their outcome should not be unreasonably long. Moreover, the delay will not be undue, because it appears that the reexaminations will likely narrow, if not eliminate, the outstanding issues to be litigated – which will save the resources of the Court and the parties. Finally, as Defendants set forth in their response, the speculative prejudice set forth by Plaintiff does not outweigh the judicial efficiency considerations associated with continuing the stay. *See Crocs, Inc. v. Cheng's*

5

*Enterprises, Inc.*, No. 06-00605, 2012 WL 5504227, at *2 (D. Colo. Oct. 16, 2012), *report and recommendation adopted*, 2012 WL 5493729 (D. Colo. Nov. 13, 2012) (staying case pending reexamination proceedings upon finding that – although the case was filed more than six years ago, and the reexamination process can take years – plaintiff's non-specific concerns regarding evidentiary prejudice "are pure speculation and do not compel the inefficiencies of proceeding with this action at this time").

## III. CONCLUSION

Plaintiff's Motion to Lift Stay – in each of the above cases – is **DENIED**.

Plaintiff may file a renewed motion to lift the stay after the pending reexamination proceedings are complete.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: December 3, 2018